UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

| | |
|---|---|
| JOHN SHEA, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| -against- | 15 CV 3074 (MKB) (RER) |
| CITY OF NEW YORK, PHILIP VACCARINO, Individually, and ANTHONY MASSONI, Individually, | Jury Trial Demanded |
| Defendants. | |

-------------------------------------------------------------------------------X

Plaintiff JOHN SHEA, by his attorneys, the Leventhal Law Group, P.C., complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JOHN SHEA is a twenty-three year old Asian-American man residing in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, PHILIP VACCARINO and ANTHONY MASSONI, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

12. On January 31, 2014, at approximately 6:30 p.m., plaintiff JOHN SHEA was lawfully operating a motor vehicle which was legally parked in the vicinity of the corner of Scribner Avenue and Jersey Street, Staten Island, New York.

13. SHEA was seated in the driver's seat of said vehicle. SHEA's friend, Richard Owens was a passenger in said vehicle.

14. At said time, defendants PHILIP15-3074 VACCARINO and ANTHONY MASSONI unlawfully opened the vehicle's doors, ordered SHEA to turn the vehicle off, and ordered SHEA and Owens to exit the vehicle.

15. SHEA immediately turned the vehicle off and SHEA and Owens exited the vehicle.

16. MASSONI unlawfully handcuffed and searched SHEA, lacking probable cause to believe that SHEA had committed any crime or offense.

17. VACCARINO handcuffed Owens, searched him, and recovered one Xanax pill from Owens' pocket.

18. MASSONI and VACCARINO then searched said vehicle.

19. The defendant officers did not recover any drugs or other contraband from SHEA or from said vehicle.

20. The defendant officers then imprisoned SHEA and Owens inside an NYPD prisoner van, despite lacking probable cause to believe that SHEA had committed any crime or offense.

21. VACCARINO and MASSONI thereafter caused SHEA to be imprisoned in said

3

van for approximately four hours while SHEA was rear-handcuffed.

22. NYPD officers drove SHEA around Staten Island in said van for approximately four hours and then transported him to the NYPD's 120th precinct stationhouse and imprisoned him therein.

23. SHEA was thereafter prosecuted in Richmond County Criminal Court on baseless charges filed under docket no. 2014RI001057; said charges having been filed based on the false allegations of defendant VACCARINO. VACCARINO initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: in an effort to avoid discipline for the aforementioned abuse of authority.

24. MASSONI and VACCARINO conspired to create and manufacture said false allegations against SHEA, which VACCARINO conveyed to the Richmond County District Attorney's Office causing said evidence to be used against SHEA in the aforementioned legal proceeding.

25. Specifically, VACCARINO falsely swore in the supporting deposition to the criminal court complaint filed in said prosecution that SHEA possessed a single Xanax pill which VACCARINO purportedly observed on the "center console armrest" of the vehicle SHEA was operating. These allegations are entirely false.

26. As a result of these false allegations, SHEA was maliciously prosecuted on charges that he unlawfully possessed a controlled substance (P.L. § 220.03).

27. The false charges compelled SHEA to return to Richmond County Criminal Court until June 11, 2014, when all the false charges levied against SHEA were dismissed and sealed.

4

28. The defendant officers either directly participated in and/or failed to intervene in the illegal conduct described herein.

29. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and due to a custom, policy, and/or practice of: unlawfully stopping and searching individuals; manufacturing false evidence against individuals in a conspiracy to justify their abuse of authority; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

30. The aforesaid event is not an isolated incident. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct as documented in civil rights actions filed in the United States District Courts in the Eastern and Southern Districts of New York as well as in New York State courts.  As a result, defendant CITY OF NEW YORK is aware (from said lawsuits as well as notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants: unlawfully stop and search individuals; manufacture false evidence against individuals in a conspiracy to justify their abuse of authority; arrest innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arrest individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arrest

individuals and engage in a practice of falsification in an attempt to justify the false arrest.

31. In addition, in another civil rights action filed in this court involving false allegations of involvement in a narcotics transaction by NYPD officers, United States District Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or police by the city approving illegal conduct of the kind now charged.

*Colon v. City of New York, et. al.*, 2009 WL 4263362, *2 (E.D.N.Y.).

32. Moreover, the existence of the aforesaid unconstitutional customs and policies may further be inferred from the admission by former NYPD Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that NYPD commanders are permitted to set "productivity goals."

33. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

34. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

35. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff JOHN SHEA of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. As a result of the foregoing, plaintiff JOHN SHEA sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his liberty and constitutional rights.

41. As a result of the foregoing, plaintiff JOHN SHEA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants VACCARINO and MASSONI arrested plaintiff JOHN SHEA without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

44. Defendants VACCARINO and MASSONI caused plaintiff JOHN SHEA to be falsely arrested and unlawfully imprisoned.

45. As a result of the foregoing, plaintiff JOHN SHEA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Fourth Amendment Claim of Unreasonable Search under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants VACCARINO and MASSONI unreasonably searched plaintiff JOHN SHEA.

48. Defendants unreasonably searched plaintiff JOHN SHEA thereby causing plaintiff to suffer emotional distress, embarrassment and humiliation.

49. As a result of the foregoing, plaintiff JOHN SHEA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<b>AS AND FOR A THIRD CAUSE OF ACTION</b><br>
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendants VACCARINO and MASSONI created false evidence against plaintiff JOHN SHEA.

52. Defendants VACCARINO and MASSONI utilized this false evidence against plaintiff JOHN SHEA in legal proceedings.

53. As a result of defendants creation and use of false evidence, plaintiff JOHN SHEA suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

54. As a result of the foregoing, plaintiff JOHN SHEA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

<b>AS AND FOR A FOURTH CAUSE OF ACTION</b><br>
(Malicious Prosecution under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. Defendants VACCARINO and MASSONI initiated, commenced and continued a malicious prosecution against plaintiff JOHN SHEA.

57. Defendants caused plaintiff JOHN SHEA to be prosecuted without any probable cause until the charges were dismissed on or about June 11, 2014.

58. As a result of the foregoing, plaintiff JOHN SHEA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants VACCARINO and MASSONI issued criminal process against plaintiff JOHN SHEA by causing his arrest and prosecution in Richmond County Criminal Court.

61. Defendants caused plaintiff JOHN SHEA to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

62. As a result of the foregoing, plaintiff JOHN SHEA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Defendant MASSONI had an affirmative duty to intervene on behalf of plaintiff JOHN SHEA, whose constitutional rights were being violated in their presence by other officers.

65. Defendant MASSONI failed to intervene to prevent the deprivation of plaintiff's right to a fair trial and the malicious prosecution of plaintiff.

66. As a result of the foregoing, plaintiff JOHN SHEA'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and compelled to appear in Richmond County Criminal Court.

67. As a result of the foregoing, plaintiff JOHN SHEA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

70. The aforementioned customs, policies, usages, practices, procedures and rules of

the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOHN SHEA'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

71. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department also included, but were not limited to: unlawfully stopping and searching individuals; manufacturing false evidence against individuals in a conspiracy to justify their abuse of authority; arresting innocent persons in order to meet "productivity goals" (i.e. arrest quotas); arresting individuals for professional advancement, overtime compensation, and/or other objectives outside the ends of justice; and/or falsely arresting individuals and engaging in a practice of falsification in an attempt to justify the false arrest.

72. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOHN SHEA.

73. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOHN SHEA as alleged herein.

74. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force

behind the Constitutional violations suffered by plaintiff JOHN SHEA as alleged herein.

75. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JOHN SHEA was falsely arrested, unlawfully searched, maliciously prosecuted, and deprived of his right to a fair trial.

76. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOHN SHEA'S constitutional rights.

77. All of the foregoing acts by defendants deprived plaintiff JOHN SHEA of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from unlawful/unreasonable search;

    C. To be free from malicious abuse of process;

    D. To be free from malicious prosecution;

    E. To receive his right to a fair trial; and

    F. To be free from the failure to intervene.

78. As a result of the foregoing, plaintiff JOHN SHEA is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JOHN SHEA demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 16, 2015

>LEVENTHAL LAW GROUP, P.C.
>Attorneys for Plaintiff JOHN SHEA
>45 Main Street, Suite 230
>Brooklyn, New York 11201
>(718) 556-9600
>
>By:   s/
>      JASON LEVENTHAL (JL1067)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

JOHN SHEA,

                              Plaintiff,

       -against-                                          15 CV 3074
                                                               (MKB)(RER)

CITY OF NEW YORK, PHILIP VACCARINO, Individually,
and ANTHONY MASSONI, Individually

                              Defendants.

---------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600